# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

_____

### No. ACM S32407

_____

### UNITED STATES
*Appellee*

**v.**

### Daniel A. DURAN
Technical Sergeant (E-6) U.S. Air Force, *Appellant*

_____

Appeal from the United States Air Force Trial Judiciary

Decided 31 May 2017

_____

*Military Judge:* Shelly W. Schools.

*Approved sentence:* Bad-conduct discharge, confinement for 4 months, and reduction to E-1. Sentence adjudged 10 May 2016 by SpCM convened at Dyess Air Force Base, Texas.

*For Appellant:* Major Johnathan D. Legg, USAF.

*For Appellee:* Major Meredith L. Steer, USAF; Captain Tyler B. Musselman, USAF; Gerald R. Bruce, Esquire.

Before MAYBERRY, JOHNSON, and SPERANZA, *Appellate Military Judges.*

_____

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

_____


PER CURIAM:

A military judge sitting as a special court-martial convicted Appellant, consistent with his pleas pursuant to a pretrial agreement, of wrongful use of methamphetamine on divers occasions and wrongful use of cocaine, in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §

912a. The adjudged and approved sentence included a bad-conduct discharge, confinement for four months, and reduction to E-1.

Appellant's case was submitted for review on its merits. The terms of Appellant's pretrial agreement with the convening authority required the convening authority to, *inter alia*, defer any adjudged reduction in grade until action. During our review of Appellant's case under Article 66(c), UCMJ, 10 U.S.C. § 866(c), we noted that the convening authority's action failed to reflect the deferral of Appellant's reduction to E-1.

Although we find that the approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred, inattention to detail and post-trial error nevertheless compel us to—once again—order a corrected action and court-martial order. *See* Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

The record of trial is returned to The Judge Advocate General for remand to the convening authority for modification of the convening authority's action and promulgation of a new court-martial order consistent with this opinion. Article 66(e), UCMJ, 10 U.S.C. § 866(e). Thereafter, the record of trial will be returned to this court for completion of appellate review under Article 66, UCMJ, 10 U.S.C. § 866.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court